IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BILL VAL VASQUEZ,

    Plaintiff,

v.                                                      No. 16-CV-00592-RJ-SCY

NEW MEXICO DEPARTMENT OF
CORRECTIONS, *Penitentiary of New
Mexico (PNM) II*, CORIZON HEALTH
CARE PROVIDERS,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2), on Plaintiff Bill Val Vasquez's Prisoner's Civil Rights Complaint [Doc. 1], filed on June 15, 2016. Also before the Court are various letters filed by Plaintiff [Docs. 9, 10, 11, 12, 13, 15], which appear to seek to amend and supplement the complaint. Plaintiff is incarcerated, appears pro se, and is proceeding *in forma pauperis*. For the reasons set out below, Plaintiff's requests to amend and supplement the complaint will be denied without prejudice, Plaintiff's Prisoner's Civil Rights Complaint will be dismissed, and Plaintiff will be granted thirty (30) days in which to file an amended complaint that complies with the standards set forth in this Memorandum Opinion and Order.

The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it

would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The burden is on the plaintiff to frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

Plaintiff is proceeding pro se and "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

Plaintiff's complaint alleges that Defendants New Mexico Department of Corrections, Penitentiary of New Mexico (P.N.M.) II, and Corizon Health Care Providers (Corizon): (1) violated Plaintiff's right to be free from cruel and unusual punishment by denying him medical treatment for his diabetes; (2) violated Plaintiff's right to due process of law by depriving him of his personal property; (3) violated the Rehabilitation Act of 1973 and the Americans with Disabilities Act by discriminating against Plaintiff on the basis of his disability; and (4) retaliated and harassed Plaintiff because he filed informal grievances and formal complaints. [Doc. 1] The

complaint seeks compensatory damages. [Doc. 1 at 18]

Since filing his Prisoner's Civil Rights Complaint, Plaintiff has submitted various letters to the Court which, if construed liberally, appear to seek to add additional claims against Defendants. In his letters, Plaintiff complains that Defendants are: (1) harassing him in retaliation for filing the present lawsuit; (2) withholding his legal mail and opening up his legal mail outside of his presence; (3) depriving him of his property; (4) refusing to treat his diabetes or provide him with a diabetic meal tray; (5) violating his right to privacy by permitting him to be shown on national television saying his name, Department of Corrections number, and social security number; and (6) strip searching him in violation of the Prison Rape Elimination Act. [Docs. 9, 10, 11, 13] Additionally, since filing his Prisoner's Civil Rights Complaint, Plaintiff has been transferred to Northwest New Mexico Correctional Center, where Centurian, L.L.C. (Centurian) is the healthcare provider. [Doc. 12] Plaintiff appears to seek to add Centurian to the present litigation as a defendant, alleging that Centurian is "more substandard than Corizon," [Doc. 13 at 2], because it is refusing to provide him with diabetic medications, supplies, or meal trays. [Docs. 12, 13, 15]

As a preliminary matter, the Court must determine whether to permit Plaintiff to amend and supplement his Prisoner's Civil Rights Complaint with additional claims and an additional defendant. Federal Rule of Civil Procedure 15(a), which governs the amendment of pleadings, provides in relevant part that "[a] party may amend its pleading *once* as a matter of course within . . . 21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A) (emphasis added). Any additional amendments require the written consent of the opposing party or the Court's leave. Fed. R. Civ. P. 15(a)(1)(B). Rule 15.1 of the Local Civil Rules of the United States District Court for the District of New Mexico requires a proposed amended complaint to accompany a motion to

amend. *See* D.N.M.LR-Civ. 15.1 ("A proposed amendment to a pleading must accompany the motion to amend).

Rule 15(d) governs the supplementation of pleadings and it provides as follows:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defecting in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d). "Rule 15(d) gives trial courts broad discretion to permit a party to serve a supplemental pleading setting forth post-complaint transactions, occurrences or events." *Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001). Rule 15(d) motions "are addressed to the sound discretion of the trial court," but such motions "should be liberally granted unless good reason exists for denying leave, such as prejudice to the defendants." *Id.*

Plaintiff has not filed an amended complaint that sets forth all of his claims in a single document in accordance with Rule 15(a), nor has Plaintiff moved to supplement his complaint to add claims based on events that happened after the filing of his original complaint in accordance with Rule 15(d). The Court will not permit piecemeal amendment and supplementation of the complaint. To the extent that Plaintiff wishes to amend and supplement his complaint, he must do so in accordance with Rule 15 by filing a single Prisoner's Civil Rights Complaint that sets forth all of his claims against all of the defendants. *See Brown v. Harris*, No. Civ. A. 05-CV-02203-WD, 2006 WL 3833938, at *2 (D. Colo. Dec. 28, 2006) (noting that "it is entirely appropriate to require Plaintiff to set forth all of his original and supplemental allegations and claims in a single document") (unpublished); *see also Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007) (noting that "an amended complaint supercedes an original complaint and renders the original complaint without legal effect.") (internal quotation marks and citations

4

omitted). Accordingly, Plaintiff's Prisoner's Civil Rights Complaint [Doc. 1] is the sole operative pleading for the purpose of the Court's review under § 1915(e)(2).

Plaintiff's Prisoner's Civil Rights Complaint raises constitutional claims against Defendants pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, "a governmental entity that is an arm of the state for Eleventh Amendment purposes is not a 'person' for section 1983 purposes." *McLaughlin v. Bd. of Trustees of State Colleges of Colorado*, 215 F.3d 1168, 1172 (10th Cir. 2000) (internal quotation marks and citation omitted). "Similarly, state-operated detention facilities do not have a separate legal identity from the state, and therefore are not 'persons' who have the capacity to be sued under § 1983." *Buchanan v. Oklahoma*, 398 F. App'x 339, 342 (10th Cir. 2010) (unpublished). In light of the foregoing, the Court concludes that Defendants New Mexico Department of Corrections and P.N.M. II are not "persons" under § 1983 and, therefore, Plaintiff's § 1983 claims against them will be dismissed with prejudice for failure to state a claim upon which relief may be granted under § 1915(e)(2)(B)(ii).

Turning to Plaintiff's § 1983 claims against Defendant Corizon, the Court notes that a private entity acting under color of state law "'cannot be held liable *solely* because it employs a tortforeasor—or, in other words . . . cannot be held liable under § 1983 on a *respondeat superior* theory.'" *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (quoting *Monell v. New York City Dep't of Soc. Serv.*, 436 U.S. 658, 691 (1978)). Rather, to be liable under § 1983

5

a private entity must have "had an 'official . . . policy of some nature . . . that was the direct cause or moving force behind the constitutional violations." *Id.* at 1215 (internal quotation marks and citations omitted). The "official policy" requirement is intended to distinguish acts of the *private entity* from "acts of the *employees* of the [private entity], and thereby make clear that . . . liability is limited to action for which the [private entity itself] is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) (emphasis in original; alteration added). An official policy or custom may take the form of:

> (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express . . . policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.

*Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010) (internal quotation marks and citation omitted). Plaintiff's complaint fails to allege that Defendant Corizon had an official policy or custom that caused the alleged constitutional violations. Therefore, Plaintiff's § 1983 claims against Defendant Corizon will be dismissed without prejudice for failure to state a claim on which relief may be granted under § 1915(e)(2)(B)(ii).

In addition to his § 1983 claims, Plaintiff alleges that Defendants violated the Rehabilitation Act of 1973 and the Americans with Disabilities Act (ADA) by discriminating against him on the basis of his disability. "[P]urely medical decisions . . . do not ordinarily fall within the scope of the ADA or the Rehabilitation Act." *Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134, 1144 (10th Cir. 2005). Indeed, "[s]everal circuits have expressly concluded that neither the ADA nor the Rehabilitation Act provide remedies for alleged medical

6

negligence." *Id.* Thus, "[t]he failure to provide medical treatment to a disabled prisoner, while perhaps raising Eighth Amendment concerns in certain circumstances, does not constitute an ADA violation" or a Rehabilitation Act violation. *Rashad v. Doughty*, 4 F. App'x 558, 560 (10th Cir. 2001) (unpublished); *see also Moore v. Prison Health Serv., Inc.*, 201 F.3d 448, 1999 WL 1079848, at *1 (10th Cir. 1999) (holding that the ADA and the Rehabilitation Act "afford disabled persons legal rights regarding access to programs and activities enjoyed by all, not a general federal cause of action for challenging the medical treatment of their underlying disabilities") (unpublished). Accordingly, Plaintiff's Rehabilitation Act and ADA claims will be dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may granted.

The Court will permit Plaintiff to file an amended complaint within thirty (30) days of the date of this Memorandum Opinion and Order, which includes *all* of his claims against *all* of the defendants. The Court emphasizes that in § 1983 actions seeking to impose personal liability on multiple governmental defendants in their individual capacity, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original). "When various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights 'were violated' will not suffice. Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that 'defendants' infringed his rights." *Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013). "Rather, it is incumbent upon a plaintiff to identify *specific* actions taken by *particular* defendants in order to make out a viable § 1983" claim. *Id.* (emphasis in original; internal quotation marks and citation omitted).

Specifically, Plaintiff's amended complaint "must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Failure to timely file an amended complaint that complies with the standards set forth above, may result in the dismissal of this action without further notice.

IT IS THEREFORE ORDERED that Plaintiff's requests to amend and supplement his Prisoner's Civil Rights Complaint [Docs. 9, 10, 11, 12, 13, 15] are DENIED without prejudice;

IT IS FURTHER ORDERED that Plaintiff's § 1983 claims against Defendants New Mexico Department of Corrections and P.N.M. II are DISMISSED with prejudice and the remainder of Plaintiff's Prisoner's Civil Rights Complaint [Doc. 1] is DISMISSED without prejudice;

IT IS FURTHER ORDERED that Plaintiff is granted leave to file an amended Prisoner's Civil Rights Complaint, within thirty (30) days of the date of this Order, that complies with the standards set forth in this Memorandum Opinion and Order; and

IT IS FURTHER ORDERED that the Clerk of the Court is directed to send to Plaintiff, together with a copy of this Order, a form Prisoner's Civil Rights Complaint, with instructions.

IT IS SO ORDERED.

SIGNED this 7th day of December, 2016.

_____
ROBERT A. JUNELL
Senior United States District Judge