IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BILL VAL VASQUEZ,

    Plaintiff,

v.                                                                              No. 16-CV-00592-RJ-SCY

NEW MEXICO DEPARTMENT OF
CORRECTIONS, *Penitentiary of New
Mexico (PNM) II*, CORIZON HEALTH
CARE PROVIDERS, SOUTHERN
NEW MEXICO CORRECTIONAL CENTER,
WESTERN NEW MEXICO CORRECTIONAL
FACILITY,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2), on Plaintiff Bill Val Vasquez's Amended Civil Rights Complaint [Doc. 20], filed on January 5, 2017. Also before the Court are various letters filed by Plaintiff [Docs. 17, 18, 19, 21]. Plaintiff is incarcerated, appears pro se, and is proceeding *in forma pauperis*. For the reasons set out below, Plaintiff's Amended Civil Rights Complaint [Doc. 20] will be dismissed, a strike will be imposed under § 1915(g), and judgment will be entered.

On June 15, 2016, Plaintiff filed a Prisoner's Civil Rights Complaint [Doc. 1] against the New Mexico Department of Corrections, Penitentiary of New Mexico (P.N.M.) II, and Corizon Health Care Providers (Corizon) alleging that Defendants: (1) violated Plaintiff's right to be free from cruel and unusual punishment by denying him medical treatment for his diabetes; (2) violated Plaintiff's right to due process of law by depriving him of his personal property; (3)

violated the Rehabilitation Act of 1973 and the Americans with Disabilities Act (ADA) by discriminating against Plaintiff on the basis of his disability; and (4) retaliated and harassed Plaintiff because he filed informal grievances and formal complaints. [Doc. 1] In a Memorandum Opinion and Order dated December 7, 2016, the Court dismissed Plaintiff's 42 U.S.C. § 1983 claims against the New Mexico Department of Corrections and P.N.M. II with prejudice, because they are not persons who have capacity to be sued under § 1983. [Doc. 16 at 5] The Court also dismissed Plaintiff's § 1983 claims against Corizon Health Care Providers, because "Plaintiff's complaint fails to allege that Defendant Corizon had an official policy or custom" that was the direct cause or moving force behind the constitutional violations. [Doc. 16 at 6] Lastly, the Court dismissed Plaintiff's claims under the Rehabilitation Act of 1973 and the ADA, because the failure to provide medical treatment does not constitute a Rehabilitation Act or ADA violation. [Doc. 16 at 6-7] The Court granted Plaintiff thirty days in which to file an amended complaint that "includes *all* of his claims against *all* of the defendants." [Doc. 16 at 7 (emphasis in original)] The Court informed Plaintiff that the amended complaint must "identify *specific* actions taken by *particular* defendants in order to make out a viable § 1983 claim" and "must explain what each defendant did to him . . .' when the defendant did it; how the defendant's action harmed him . . .' and what specific legal right the plaintiff believes the defendant violated." [Doc. 16 at 7-8 (internal quotation marks and citations omitted)].

On January 5, 2017, Plaintiff timely filed an Amended Complaint [Doc. 20]. Plaintiff's Amended Complaint seeks to add as Defendants:

> Western New Mexico Correctional Facility Grants, New Mexico
> Healthcare Provider + Facility Staff: Southern New Mexico
> Correctional Facility Las Cruces New Mexico Healthcare Provider
> Medical Staff, and acting Deputy Warden: Northwestern New
> Mexico Correctional Center Centurian L.L.C. Healthcare Provider:

> Medical Staff, Mr. Solomen Unit Manager, any and all who
> violated my Constitutional Rights "under color of law."

[Doc. 20 at 1] Plaintiff's Amended Complaint alleges that these Defendants denied him medical treatment for his diabetes in violation of his right to be free from cruel and unusual punishment and harassed and retaliated against him "for filing Violations of Civil & Constitutional Rights." [Doc. 20 at 1-2] Plaintiff's Amended Complaint seeks monetary damages and release from custody so that Plaintiff may seek medical treatment from the Veterans Hospital. [Doc. 20 at 3-4]

In addition to the Amended Complaint, Plaintiff has filed various letters, which repeat and reallege his denial of medical treatment, harassment, and retaliation claims against Defendants. [Docs. 17, 18, 19, 21]. The Court previously informed Plaintiff that it "will not permit piecemeal amendment and supplementation of the complaint" and that Plaintiff must comply with Fed. R. Civ. P. 15 "by filing a single Prisoner's Civil Rights Complaint that sets forth all of his claims against all of the defendants." [Doc. 16 at 4 (citing *Brown v. Harris*, No. Civ. A. 05-CV-02203-WD, 2006 WL 3833938, at *2 (D. Colo. Dec. 28, 2006 (noting that "it is entirely appropriate to require Plaintiff to set forth all of his original and supplemental allegations and claims in a single document") (unpublished))] Plaintiff's letters fail to comply with Fed. R. Civ. P. 15 and, therefore, the Court will not consider any additional claims or factual allegations set forth therein.

Turning to Plaintiff's Amended Complaint, the Court notes that it has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an

3

opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Amendment is futile if Plaintiff has been granted an opportunity to file an amended complaint and the amended complaint fails to cure the identified deficiencies. *See Sheldon v. Vermonty*, 269 F.3d 1202, 1207 n.5 (10th Cir. 2001) (holding that dismissal with prejudice was appropriate because even after amendment the plaintiff had "made no showing, beyond his conclusory allegations, that he could have stated viable causes of action against [defendants] if he had been granted yet another opportunity to amend his claims"). The burden is on the plaintiff to frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

Plaintiff is proceeding pro se and "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* At the same time, however, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments or searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Plaintiff's Amended Complaint appears to raise constitutional claims against Defendants

4

pursuant to 42 U.S.C. § 1983. As previously explained to Plaintiff, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "Similarly, state-operated detention facilities do not have a separate legal identity from the state, and therefore are not 'persons' who have the capacity to be sued under § 1983." *Buchanan v. Oklahoma*, 398 F. App'x 339, 342 (10th Cir. 2010) (unpublished). Southern New Mexico Correctional Facility, Northwestern New Mexico Correctional Center, and Western New Mexico Correctional Facility are state-operated detention facilities and, therefore, they are not "persons" under § 1983. Accordingly, Plaintiff's § 1983 claims against Southern New Mexico Correctional Facility, Northwestern New Mexico Correctional Center, and Western New Mexico Correctional Facility will be dismissed for failure to state a claim on which relief may be granted under § 1915(e)(2)(B)(ii).

In addition to these state-operated detention facilities, the Amended Complaint names as defendants all of the staff and health care providers at Southern New Mexico Correctional Facility, Northwestern New Mexico Correctional Center, and Western New Mexico Correctional Facility, including the Deputy Warden of Southern New Mexico Correctional Facility and Mr. Solomen, the Unit Manager at Northwestern New Mexico Correctional Center. The Court previously informed Defendant that, under § 1983, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original). "When various

5

officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights 'were violated' will not suffice. Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that 'defendants' infringed his rights." *Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013). "Rather, it is incumbent upon a plaintiff to identify *specific* actions taken by *particular* defendants in order to make out a viable § 1983" claim. *Id.* (emphasis in original; internal quotation marks and citation omitted). Specifically, the plaintiff "must explain what each defendant did to [the plaintiff] . . . ; when the defendant did it; how the defendant's action harmed [the plaintiff] . . . ; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Although the Court explained the pleading requirements of Fed. R. Civ. P. 8 to Plaintiff, his Amended Complaint nonetheless fails to identify any particular actions or inactions by specific defendants; instead it simply alleges, in a vague and conclusory manner, that Plaintiff's rights were violated by various unnamed and unidentified staff members. Such conclusory allegations are insufficient to state a claim on which relief may be granted.

Plaintiff's Amended Complaint also names as defendants Centurian, LLC and Corizon Health Care Provider. The Court previously informed Plaintiff that a private entity acting under color of state law "'cannot be held liable *solely* because it employs a tortforeasor—or, in other words . . . cannot be held liable under § 1983 on a *respondeat superior* theory.'" *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (quoting *Monell v. New York City Dep't of Soc. Serv.*, 436 U.S. 658, 691 (1978)). Rather, to be liable under § 1983 a private entity must have "had an 'official . . . policy of some nature . . . that was the direct cause or moving force behind the constitutional violations." *Id.* at 1215 (internal quotation marks and citations omitted).

6

Nonetheless, Plaintiff's Amended Complaint fails to allege that Centurian LLC or Corizon Health Care Provider had an official policy or custom that caused the alleged constitutional violations. Therefore, Plaintiff's § 1983 claims against Centurian LLC and Corizon Health Care Provider will be dismissed for failure to state a claim on which relief may be granted under § 1915(e)(2)(B)(ii).

In the Amended Complaint, Plaintiff requests release from custody to seek medical treatment at the Veterans Hospital.[1] [Doc. 20 at 4] However, release from custody is "not an appropriate or available federal remedy" in a § 1983 action, *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973), and "a prisoner who challenges the fact or duration of his confinement . . . must do so through an application for habeas corpus." *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012). Therefore, Plaintiff's claim for release from custody must be pursued, if at all, via a petition for writ of habeas corpus under 28 U.S.C. §§ 2254 or 2241.

In its December 7, 2016 Memorandum Opinion and Order, the Court identified the deficiencies in Plaintiff's original Prisoner's Civil Rights Complaint and informed Plaintiff what he needed to do to cure these deficiencies in his amended complaint. Despite this thorough instruction, Plaintiff's Amended Complaint repeats its vague and conclusory allegations against state-operated detention facilities, private health care providers, and unnamed and unidentified staff members. In light of the foregoing, the Court finds that further amendment would be futile and, therefore, Plaintiff's Amended Complaint [Doc. 20] will be dismissed without prejudice to his right to seek habeas relief, but otherwise will be dismissed with prejudice for failure to state a claim on which relief may be granted under § 1915(e)(2)(B)(ii). *See Sheldon*, 269 F.3d at 1207

---

[1] Plaintiff states that that "[t]he Parole Board was granted special powers to grant parole to Inmates who are older . . . who need better care than Prison Healthcare Provider." [Doc. 20 at 4] Plaintiff appears to be referring to the medical and geriatric parole program. *See* N.M. Stat. Ann. § 31-21-25.1. Plaintiff does not allege that he has sought, and unlawfully been denied, medical and/or geriatric parole.

7

n.5. This dismissal constitutes a "strike" for the purposes of the "the three strikes" provision of the Prisoner Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g). Plaintiff is notified that if he accrues three strikes, he may not proceed *in forma pauperis* in any future civil actions before the federal courts unless he is under imminent danger of serious physical injury. § 1915(g).

IT IS THEREFORE ORDERED that Plaintiff's Amended Complaint [Doc. 20] is DISMISSED without prejudice to Plaintiff's right to seek habeas relief, but otherwise is DISMISSED with prejudice; a STRIKE is imposed under § 1915(g); and judgment will be entered.

It is so ORDERED.

SIGNED this 20th day of January, 2017.

_____
ROBERT A. JUNELL
Senior United States District Judge